closed parcel three should be first sold. As an agreement
to this effect was in accordance with the order established
by law, and therefore wronged no one, we discover nothing
to preclude its being made. The substance of the arrange-
ment was, that he bought subject to the first mortgage, but
with the understanding that when that mortgage was fore-
closed, the relative rights of parties as then established by
law should not be disturbed.

· The decree of the circuit court in chancery must be so
modified as to conform to these views, and the cause must
be remanded for further proceedings. The costs of defendant
Isbell on this appeal will be taxed in the cause and added
to the amount for which sale is to be made under the
decree.

The other Justices concurred.

---

## Charles W. Taylor v. Francis D. Boardman and others.

*Levy on real estate by sheriff, and sale by his successor.* A levy made upon real
estate by a sheriff, who afterwards enlisted and went to the war, and sale made
by his successor in office while the former was in the army and absent from
the state and thus incapacitated from perfecting such sale, is regular under
the statute (§ *4474, Comp. L.*), which provides that when an officer shall have
begun to serve an execution, and shall die, or be incapable of completing the
service and return thereof, the same may be completed by any other officer
who might by law have executed the same if originally delivered to him.

*Submitted on briefs July 10. Decided July 12.*

· Appeal in Chancery from Kent Circuit.

This is a bill filed by Charles W. Taylor against Fran-
cis D. Boardman, Barzillai Boardman and William B. Led-
yard, to quiet title to certain real estate described therein.

The complainant claimed title under a sale upon an execution issued on a judgment against the defendant, Francis D. Boardman. The return to the execution made by A. N. Norton, late sheriff of said county, showed a levy on the land in question, on February 3, 1860, by said Norton. There was also a further return signed by Sluman S. Bailey, sheriff of said county, which was as follows:

"KENT COUNTY, ss.—A. N. Norton, late sheriff of Kent county, having become incapacitated by enlisting in the army and going to the war, and is now in one of the cavalry regiments, to wit, New York First Lincoln Cavalry, and being now actually out of the state, from perfecting sale under this execution, the same has, this 26th day of June, A. D. 1862, been placed in my hands for completion by plaintiff's attorney.

"And I do hereby further return, that on the 23d day of August, A. D. 1862, due notice having been given as is required by law, I sold the above described northeast quarter of southwest quarter of section eighteen, in town seven north, of range eleven west [the land in question], for the sum of eight hundred and forty-three dollars and nineteen cents, to Julius C. Dennison, the person named above, for whose benefit the within execution is, he being the highest bidder, and that sum being the highest sum bid at said sale, and I hereby return the within execution, satisfied in full by sale of land as above set forth. Sheriff's costs paid by J. C. Dennison."

The testimony of the complainant as to possession, was as follows: "My name is Charles W. Taylor; my place of residence, the city of Grand Rapids, Michigan; and I am complainant in this cause. I am acquainted with the northeast quarter of the southwest quarter of section eighteen, township seven north, of range eleven west, excepting therefrom the north five-hundredth part thereof; I am in pos-

session of it except what I have sold, and have been in possession of it except the part sold, since the date of the deed from Julius C. Dennison and wife, to me, some time in July, 1864; I have cut wood, cut all my fire-wood on it for the last three years, or such matter; I have sold eight acres of it, lying on the west side of the lot, and west of the Plainfield road; it is comparatively a wild lot; I have cleared it up and got ten or fifteen acres of it pretty near ready to plough."

The nature of the cloud which the bill was brought to remove, appears from the statement below of defendant's claim of title.

The defendant, Francis D. Boardman, claimed, and his testimony tended to show, that he purchased the land in question with money furnished him by defendant, Barzillai Boardman, who is his father, and that he took the deed of the same in his own name ; that he and his wife conveyed the same to Barzillai Boardman, in consideration of the money thus furnished by him, by deed, dated January 16, 1854, but which was not acknowledged until May 19, 1864, nor recorded until July 23, 1864; that said Francis resided at the date of said deed, and ever since has resided, at Grand Rapids, Michigan, and said Barzillai Boardman, during the same time, has resided at Newstead, Erie county, New York; that shortly after the deed was made out and about February 1, 1854, said Francis wrote his father that he had made out the deed and that it was subject to his control, and that his father advised said Francis to hold it for him; that in May or June following, he went east to his father's house and there delivered the deed to him; that his father requested him to keep possession of the deed and not have it recorded, so that in making sales of the property said Francis could convey it without being to the trouble of sending deeds to the father in the

state of New York, to be executed, and that said Francis had kept possession thereof ever since; that on August 4, 1862, said Francis and wife executed and delivered to defendant Ledyard, a mortgage upon said land for one thousand nine hundred dollars, which has since been paid and satisfied, and discharged of record.

It appeared from the proofs that said Francis D. Boardman had a state tax deed of the land, dated September 23, 1861, for the taxes of 1857, which was recorded April 24, 1866.

Evidence was given tending to show that the title set up by the defendants was fraudulent as against the complainant. The bill was taken as confessed by said Ledyard. The decree was for complainant, and the defendants appealed.

*Eggleston & Kleinhans,* for complainant.

*Francis D. Boardman* in person and *L. Bement,* for defendants.

GRAVES, J.

The decree below ought to be affirmed. All the points essential to the complainant's case appear to be made out, and it would be useless to recite them or repeat the record.

There is no force in the objection that the levy was made by one sheriff, and the sale by another. The proceeding appears to be regular under § *4474, Comp. L.*

We think the evidence is nearly, if not quite, unanswerable, that the title set up by the Boardmans in opposition to that of complainant was, and is, fraudulent against the latter; and we discover nothing in the elaborate brief of defendants' counsel, which breaks its force or averts its operation.

The decree of the circuit court is affirmed with costs.

The other Justices concurred.