STOTT v. WEADOCK.

1. Statutes—Intent—Construction of Words and Phrases.

A court must construe statutory provisions so as to ascertain from the language thereof, if possible, the legislative intent; all words and phrases being construed and understood according to the common and approved usage of the language (1 Comp. Laws 1929, § 76).

2. STATUTES—CONSTRUCTION.

> The fundamental rule of construction of statutes is to ascertain and give effect to the intention of the legislature as expressed in the statute.

3. SAME—REASONABLE CONSTRUCTION.

> When the words of a statute are not precise and clear, the construction which is most reasonable and best suited to accomplish the objects of the statute should be adopted, and a construction leading to an absurd consequence, hardship, or injustice be disregarded if possible.

4. EXECUTION—STATUTES—COMPLETION BY EX-OFFICERS AND OTHER OFFICERS.

> Statutory provisions relative to completion of execution of process begun by a sheriff, undersheriff, or deputy sheriff after expiration of term of office of sheriff and relative to completion of execution of process by other officers *held,* permissive and not mandatory insofar as validity of execution of such process may be concerned (3 Comp. Laws 1929, §§ 14102, 14556).

5. SHERIFFS AND CONSTABLES—INTEREST OF EX-OFFICER—ABSENCE ON DAY SET FOR COMPLETION.

> Interest of ex-sheriffs and ex-deputies in execution of original or final process, at least to the extent of his fees and expenses, requires that he be permitted, under statutes authorizing it, to complete execution after expiration of term of office of sheriff, but if such ex-officer negligently or intentionally absents himself from the county on the day fixed for the completion of the execution or is prevented by reason of circumstances beyond his control from being present in the county at such time, execution may be completed by another duly authorized officer (3 Comp. Laws 1929, §§ 14102, 14556).

6. SAME—INCAPACITY OF DEPUTY SHERIFF—COMPLETING EXECUTORY PROCESS.

> In judgment debtor's suit to set aside sheriff's sale of shares of stock under executory process because of alleged lack of authority of deputy sheriff, plaintiff herein *held,* not prejudiced by fact that acting deputy who offered and sold the stock which had been levied upon by another deputy acted in compliance with statute as to completing executory process when deputy who had made the levy and posted notices of sale rendered himself incapable of completing the sale by inten-

tionally absenting himself from the county (3 Comp. Laws 1929, § 14556).

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—INADEQUACY OF PRICE RECEIVED AT EXECUTION SALE—ESTOPPEL.

Question as to whether amount received at sale on execution was grossly inadequate is not considered on appeal from decree for judgment debtor in suit to set aside sale of stock where plaintiff's counsel expressly disclaimed interest in such question at the trial.

8. CORPORATIONS—TRANSFER OF STOCK—CLAIM OF LIEN AGAINST STOCK—PURCHASER AT EXECUTION SALE.

In suit by judgment debtor to set aside sale under execution of shares of stock to assignee of judgment creditor in which assignee filed a cross-bill against president and secretary of corporation whose shares were sold, to compel transfer of stock subject to claim of lien of such corporation against the stock, cross-plaintiff *held*, entitled to relief as prayed, subject to all claims by corporation against such stock at time of sale.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 11, 1939. (Docket No. 54, Calendar No. 40,345.) Decided March 9, 1939. Rehearing denied April 25, 1939.

Bill by Arthur F. Stott against Thomas A. E. Weadock, David E. Stott, Ernest C. Stott and Thomas C. Wilcox, Wayne County Sheriff, to set aside a sale of stock under an execution and levy, for an injunction and other relief. Cross-bill by defendant Weadock against plaintiff and defendants Stott to obtain issuance and delivery of certificates of stock and for other relief. Decree for plaintiff. Defendant Weadock appeals. Reversed and decree ordered entered for cross-plaintiff.

*O'Hara, Montgomery & Amberson,* for plaintiff.

*Lewis J. Weadock,* for defendant.

CHANDLER, J. Defendant and appellant, Thomas A. E. Weadock, was assignee of a judgment rendered

March 23, 1931, in the Wayne circuit court in favor of David E. Stott and against plaintiff in the amount of $5,369.92, said assignment having been made on July 19, 1932.

Execution issued and a levy was made on September 8, 1931, by Irving Miller, deputy sheriff under Henry Behrendt, sheriff of Wayne county, upon 10,046 shares of Stott Realty Company stock standing in the name of Arthur F. Stott on the books of the company, subject to a claim of said company against Arthur F. Stott in the approximate amount of $140,000.

Various sheriffs' sales of the stock levied upon were advertised during the years following the levy but the sales were postponed or went down because of litigation between the parties out of which restraining orders issued. The last of such restraints on the sale was lifted by Judge Keidan on August 6, 1937, when he denied plaintiff's request for an injunction and directed the sale to proceed. Meanwhile, the term of Sheriff Behrendt had expired on December 31, 1936, and he was succeeded in office by Sheriff Thomas E. Wilcox.

Sale of the stock was advertised to be held at noon on August 25, 1937, and notices of said sale were duly posted by Irving Miller, ex-deputy sheriff under Henry Behrendt. The record shows that on August 24th and 25th, prior to the sale, unsuccessful efforts were made on defendant's behalf to locate and communicate with Irving Miller for the purpose of reminding him of the sale. When he failed to arrive to conduct the sale, after waiting between 45 minutes and an hour, defendant requested Charles Sansone, deputy sheriff under the incumbent sheriff, Thomas E. Wilcox, to conduct the same. Sansone conducted the sale in the regular manner and, in the

absence of other bids, sold the stock to defendant for $5,165.61. Plaintiff did not attend the sale, but his sister, Mrs. Orloff, a stockholder in the Stott Realty Company, was among those present.

Although a certificate of sale was delivered to defendant on the day of the sale, the sheriff's return was not made by deputy Sansone until January 3, 1938, after numerous requests were made by defendant to have the same filed.

On August 26, 1937, the day following the sale, ex-deputy Miller went to defendant's office and made an excuse for his absence at the time and place of sale. He claimed that he was at Walled Lake, Oakland county, about 50 miles from Detroit, and that his car became disabled, preventing him from being present. He stated that he did not telephone Mr. Weadock, the defendant, because of lack of funds.

On January 4, 1938, plaintiff filed his bill of complaint herein, making Thomas A. E. Weadock, David E. Stott, Ernest C. Stott, president and secretary, respectively, of the Stott Realty Company, and Sheriff Thomas C. Wilcox, defendants, the purpose of the bill being to attack the sale of August 25, 1937. An order to show cause why a temporary injunction should not issue, restraining David E. Stott, president, and Ernest C. Stott, secretary, from transferring said 10,046 shares, restraining defendant Weadock from exercising any right of ownership in said stock, and restraining Sheriff Wilcox from making any return upon the execution, was obtained. A restraining order as to defendant Weadock was granted on January 8, 1938, and the motion dismissed as to the other defendants. On June 6, 1938, the court entered a decree for plaintiff, holding the sale to be void by reason of Sansone's lack of authority to conduct the same. Defendant Weadock appeals.

Whether or not the sale was valid must be determined by an interpretation of 3 Comp. Laws 1929, § 14102 (Stat. Ann. § 27.769) and 3 Comp. Laws 1929, § 14556 (Stat. Ann. § 27.1521). These statutes provide, respectively, as follows:

"Sheriffs, undersheriffs and deputy sheriffs may execute all such original or final process as shall be in their hands at the expiration of the term for which such sheriffs were elected, the execution of which shall have been begun by him, and shall made (make) due returns thereof in their own name; and in case of a vacancy in the office of sheriff, every deputy in office under him, may execute any writ or process in his hands, or in the hands of such sheriff, at the time such vacancy happened, and shall have the same authority, and be under the same obligation to serve and execute and return the same, as if such sheriff had continued in office." (3 Comp. Laws 1929, § 14102.)

"When an officer shall have begun to serve an execution and shall die, or be incapable of completing the service and return thereof, the same may be completed by any other officer who might by law have executed the same if originally delivered to him; and if the first officer shall not have made a certificate of his doings, the second officer shall certify whatever he shall find to have been done by the first, and shall add thereto a certificate of his own doings in completing the service." (3 Comp. Laws 1929, § 14556.)

It is the duty of the court to construe the statutory provisions so as to ascertain from the language thereof, if possible, the legislative intent. The statutory rule of construction is to be found in 1 Comp. Laws 1929, § 76 (Stat. Ann. § 2.212), which provides in part:

"All words and phrases shall be construed and understood according to the common and approved usage of the language."

In *June* v. *School District No. 11, Southfield Township, Oakland County,* 283 Mich. 533 (116 A. L. R. 581), we said:

"The fundamental rule of construction of statutes is to ascertain and give effect to the intention of the legislature as expressed in the statute. *Rapid Railway Co.* v. *Michigan Public Utilities Commission,* 225 Mich. 425 (P. U. R. 1924B, 585); *Gwitt* v. *Foss,* 230 Mich. 8. When the words of a statute are not precise and clear, the construction which is most reasonable and best suited to accomplish the objects of the statute, should be adopted, and a construction leading to an absurd consequence shall be disregarded. *Attorney General* v. *Railway,* 210 Mich. 227. If it can be avoided, the statute will not be given a construction which will create a hardship and injustice. *Attorney General, ex rel. Common Council of the City of Detroit,* v. *Marx,* 203 Mich. 331."

Applying the foregoing rules of statutory construction, we are constrained to hold that the provisions of the two sections under consideration, so far as they apply to ex-sheriffs, ex-undersheriffs and ex-deputies continuing the execution of process in their hands at the time of the expiration of the term for which they were elected or appointed, are permissive and not mandatory insofar as the validity of the execution of such process may be concerned.

We believe that section 14102 permitting the execution of original or final process by ex-sheriffs or ex-deputies inures to the benefit of such ex-officers and was so intended by the legislature. In most cases, and particularly where a levy has been made upon personal property, the officer acquires a certain interest in the property, at least to the extent of his fees and expenses, and has also incurred certain liabilities and responsibilities by reason of his possession of the property seized. He should, therefore, be permitted, and required under certain circum-

stances, to complete the execution of such process so commenced by him. However, in case such ex-officer negligently or intentionally absents himself from the county on the day fixed for the completion of the execution of such process, or is prevented by reason of circumstances beyond his control from being present in the county at such time, as is claimed by ex-sheriff Miller in the instant case, must all proceedings taken under such process fail and the judgment creditor be required to either look to such ex-officer for relief by way of damages or be compelled to resort to going through the same proceeding if the defaulting ex-officer continues to claim the county in which suit is pending as his residence? An affirmative answer to this question would be an absurd consequence.

In the case at bar there is no claim of any fraud or lack of due diligence on the part of defendant in attempting to obtain a sale of the stock levied upon by ex-deputy Miller. We find nothing in the allegations in the bill of complaint, or in the record, to indicate that the plaintiff was in any way prejudiced because the stock levied upon by Miller was sold by Sansone, then acting deputy sheriff, who offered and sold the same at public sale at the time and place provided in the notice, and who made due return of his doings and of the doings of ex-deputy Miller by virtue of said process in compliance with the provisions of 3 Comp. Laws 1929, § 14556. From the record we believe we are justified in finding that Miller, who made the levy by virtue of the execution issued upon defendant's judgment and who posted notices of sale, at the time fixed for said sale, was just as incapable of completing the doings required of him by said execution as though he were dead or 1,000 miles away from the place of sale. We believe he was intentionally absent because anyone of sufficient men-

tality and experience to be a deputy sheriff would certainly know that, in spite of lack of personal funds, he could have telephoned the defendant and had the charges therefor reversed.

A search discloses but one case in this jurisdiction where section 14556 was involved. In *Taylor* v. *Boardman*, 23 Mich. 317, an execution was issued on a judgment against defendant Francis D. Boardman and placed in the hands of A. N. Norton, then sheriff of Kent county. The return to the execution was made by said Norton, showing levy by him on certain lands on February 3, 1860. The property was sold on the 23d day of August, 1862, by Sluman S. Bailey, then sheriff of Kent county, whose return was as follows:

"Kent county, ss.—A. N. Norton, late sheriff of Kent county, having become incapacitated by enlisting in the army and going to the war, and is now in one of the cavalry regiments, to-wit, New York First Lincoln Cavalry, and being now actually out of the State, from perfecting sale under this execution, the same has, this 26th day of June, A. D. 1862, been placed in my hands for completion by plaintiff's attorney.

"And I do hereby further return, that on the 23d day of August, A. D. 1862, due notice having been given as is required by law, I sold the above described northeast quarter of southwest quarter of section 18 in town 7 north, of range 11 west (the land in question), for the sum of $843.19, to Julius C. Dennison, the person named above, for whose benefit the within execution is, he being the highest bidder, and that sum being the highest sum bid at said sale, and I hereby return the within execution, satisfied in full by sale of land as above set forth. Sheriff's costs paid by J. C. Dennison."

The defendant Boardman insisted that the sale was invalid because the levy was made by one sheriff

and the sale by another. In affirming a decree in favor of plaintiff, this court said:

"The decree below ought to be affirmed. All the points essential to the complainant's case appear to be made out, and it would be useless to recite them or repeat the record.

"There is no force in the objection that the levy was made by one sheriff, and the sale by another. The proceeding appears to be regular under 2 Comp. Laws 1857, § 4474 (now 3 Comp. Laws 1929, § 14556).

"We think the evidence is nearly, if not quite, unanswerable, that the title set up by the Boardmans in opposition to that of complainant was, and is, fraudulent against the latter; and we discover nothing in the elaborate brief of defendant's counsel which breaks its force or averts its operation."

We feel justified in holding that ex-deputy Miller, being absent from Wayne county with no means of reaching the place of sale at the time fixed therefor, was as much incapacitated from making the sale of the stock levied upon as was Mr. Norton, the ex-sheriff of Kent county, by reason of his absence from the State because of enlistment in the army.

The appellee claims that the price for which the stock was sold was grossly inadequate, contending that "the sale of this one-seventh interest in the Stott Realty Company with its extensive and valuable assets for $5,165.61, or about one per cent. or less of the value of this stock, is a penalty that no court should permit to be inflicted upon any litigant." In view of the following statement made by one of the attorneys for plaintiff upon the hearing of the case in the court below, we give no consideration to this question.

"*Mr. O'Hara:* I am not interested in the value of the stock except for the reason that I have given

to your honor on the question of jurisdiction. Otherwise, I am not interested in it at all. I make no claim in here of inadequacy of price insofar as my allegations are concerned in reference to the legality or illegality of this sale. I am basing that entirely upon the statute.''

Defendant Weadock filed a cross-bill in which, among other things, he prayed for relief against David E. Stott, president, and Ernest C. Stott, secretary of the Stott Realty Company, who were defendants in the original bill, in the nature of a mandate from this court requiring said officers to issue and to deliver to him a proper certificate for the 10,046 shares of the capital stock of the Stott Realty Company purchased by him subject to the claim or lien of said company in the approximate sum of $140,000. We think that the defendant and cross-plaintiff is entitled to such an order.

We therefore conclude that plaintiff has not established a case for equitable relief and that his bill of complaint should be and the same is hereby dismissed with costs to defendant, and that a decree should be entered in favor of the defendant and cross-plaintiff and against the president and secretary of the Stott Realty Company requiring the issuance to defendant of a proper certificate showing him to be the owner of plaintiff's interest in the 10,046 shares of stock purchased by defendant at the execution sale, the ownership of said stock by defendant to be subject to any and all claims or liens of the Stott Realty Company in force at the time of sale. No costs will be allowed against cross-defendants in favor of cross-plaintiff, the defendant herein.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, and McALLISTER, JJ., concurred. NORTH, J., took no part in this decision.