SCALF *v.* L'ANSE TOWNSHIP SINGLE SCHOOL DISTRICT.

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHER'S OATH.
    Teacher's unsworn statement, written on separate piece of paper clipped to written contract and containing substantially, but not the exact, language of oath required by statute *held*, insufficient to validate contract because of absence of jurat and failure to include the oath in the contract *in haec verba* (2 Comp. Laws 1929, § 7156, subd. q; Act No. 19, Pub. Acts 1931).

2. SAME—TEACHERS—CONTRACTS.
    Teachers in township school districts may not be employed as such except under written contract (2 Comp. Laws 1929, § 7156, subd. q).

3. SAME—TEACHERS—CONTRACTS—ASSUMPSIT.
    Recovery by teacher from township school district for teaching services *held*, not allowable under contract which did not comply with statute in that it failed to include teacher's oath in the words of the statute within the contract nor in assumpsit on a *quantum meruit* (2 Comp. Laws 1929, § 7156, subd. q; Act No. 19, Pub. Acts 1931).

Appeal from Baraga; Stone (John G.), J.  Submitted June 9, 1936.  (Docket No. 97, Calendar No. 38,805.)  Decided September 2, 1936.

Assumpsit by Fred O. Scalf against L'Anse Township Single School District, a municipal corporation, for compensation for teaching services. Directed verdict and judgment for defendant. Plaintiff appeals.  Affirmed.

*George C. Quinnell,* for plaintiff.

*Joseph J. O'Connor* (*Leo J. Brennan,* of counsel), for defendant.

Wiest, J.  Plaintiff, in his own behalf and as assignee of others like situated, brought this action against defendant school district to recover compensation for services as teachers.  The declaration was on the written contracts of the several teachers and also the common counts in assumpsit.  Defendant had judgment and plaintiff prosecutes review by appeal.

The contracts were for ten months' services, and plaintiff claims that, at the end of nine months, the school closed and, by reason of exacted waivers and reduction in the contract compensation of the several teachers, including himself, under a contract for ten months, they have served nine months and, at the contract rate, have received pay for only seven months.

The statute, 2 Comp. Laws 1929, § 7156, subd. (q), required the contracts to be in writing, and Act No. 19, Pub. Acts 1931, made the following compliance mandatory:

"At the time of the signing of said contract and any renewal thereof each teacher shall make and

subscribe the following oath or affirmation: 'I do solemnly swear (or affirm) that I will support the Constitution of the United States of America and the Constitution of the State of Michigan, and that I will faithfully discharge the duties of the office of teacher according to the best of my ability,' which shall be embodied in and made a part of said contract."

The contracts with the teachers did not have embodied therein the required oath but had attached thereto, by a clip, a paper, and we quote the one signed by plaintiff:

"State of Michigan,
"County of Baraga—ss.

"I, Fred Scalf, a teacher in the L'Anse township school district, do hereby certify that I am a citizen of the United States of America, and shall during the time that I am employed as a teacher in pursuance of my contract, shall faithfully support the Constitution of the United States, the Constitution of the State of Michigan and the laws of the United States and of the State of Michigan and all other laws set by lawful authorities.

"I further certify and affirm that I am not in sympathy with any societies, activities or organizations advocating the changing of the form of government of this nation or the laws thereof, by force.
(Signed) "Fred Scalf."
"L'Anse, Michigan,
"Dated June 1, 1932."

There was no jurat and in form it was a mere statement and not the affidavit set up in the statute. Had such statement been embodied in the contract it would not have met the express requirement of the statute.

The statute required an affidavit, authenticated by jurat, and inclusion thereof in the contract as

evidence of compliance with the statutory purpose and mandate. The statutory command that the oath be embodied in and made a part of the contract required that it be put in the contract *in haec verba.*

Plaintiff and his assignors could not be employed as teachers, except under written contract. There was no lawful written contract. Inasmuch as the contract was unlawful, and it would be a violation of another statute to employ the teachers without a written contract, there can be no recovery by plaintiff either on the contract or in assumpsit on a *quantum meruit.* To hold otherwise would circumvent the mentioned statutes.

In *Sauder* v. *District Board of School District No. 10, Township of Royal Oak, Oakland County,* 271 Mich. 413, we considered the purpose and scope of the act of 1931, and what we there said applies to the case at bar.

The judgment is affirmed, with costs to defendant.

North, C. J., and Fead, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., did not sit.