ATTORNEY GENERAL, ex rel. WENDROW, v. KNAPP.

1. QUO WARRANTO—REFERENCE TO TAKE TESTIMONY—JURY.
In original quo warranto proceeding in Supreme Court, order of reference to circuit judge for the purpose of taking testimony which did not include authority to have jury trial was properly complied with by taking of testimony by circuit judge and returning same to the Supreme Court (3 Comp. Laws 1929, § 15281).

2. SAME—QUESTIONS REVIEWABLE.
In quo warranto proceedings to test defendant's legal qualifications for office of county school commissioner, question as to whether or not relator, an attorney, in bringing such proceeding violated the canon of professional ethics is not involved.

3. SCHOOLS AND SCHOOL DISTRICTS—COUNTY SCHOOL COMMISSIONER—QUALIFICATIONS FOR OFFICE—TEACHING EXPERIENCE.
Whether or not teaching experience as required in statutory qualifications of county school commissioner may include such experience prior to receiving a teacher's certificate is not decided in quo warranto proceeding where evidence shows defendant had had sufficient experience after receiving certificate to satisfy statutory requirements (2 Comp. Laws 1929, § 7705, as amended by Act No. 96, Pub. Acts 1941).

4. SAME—COUNTY SCHOOL COMMISSIONER—TEACHING SERVICE—CONTRACTS.

Teaching service to qualify one to hold office as a county commissioner of schools depends upon teaching service actually performed and not upon the legality of the contract pursuant to which service was rendered (2 Comp. Laws 1929, § 7705, as amended by Act No. 96, Pub. Acts 1941).

5. SAME—RECREATIONAL ACTIVITIES AS PART OF PUBLIC SCHOOL CURRICULUM.

While recreational activities of public school pupils may not come within the compulsory school curriculum, they may be adopted as a part of public education by school boards (2 Comp. Laws 1929, § 7568).

6. SAME—COUNTY SCHOOL COMMISSIONER—TEACHING EXPERIENCE—SUPERVISOR OF RECREATIONAL ACTIVITIES.

Instructor or supervisor of recreational activities of public school children, employed by school board within the school year or during vacation period, with or without pay while acting as such, was engaged in public school teaching as term is used in statute prescribing qualifications for office of county school commissioner (2 Comp. Laws 1929, § 7568; § 7705, as amended by Act No. 96, Pub. Acts 1941).

7. QUO WARRANTO—TITLE TO OFFICE—RELATOR—COSTS.

Where on relator's request the Supreme Court authorized the attorney general to file information in nature of quo warranto to test legal qualifications of defendant to hold office of county school commissioner in county having less than 30,000 population and relator failed to establish that defendant was disqualified to hold such office, costs are allowed defendant against relator (2 Comp. Laws 1929, § 7568; § 7705, as amended by Act No. 96, Pub. Acts 1941).

Quo warranto by Herbert J. Rushton, Attorney General of the State of Michigan, on the relation of Barnaby A. Wendrow, against James A. Knapp to test claim of defendant to office of School Commissioner of Isabella County. Submitted October 5, 1944. (Docket No. 59, Calendar No. 42,477.) Writ dismissed January 2, 1945. Rehearing denied February 20, 1945.

*Kelley, Eger & Kelley,* for plaintiff.

*Gerald J. Cotter,* for defendant.

WIEST, J.   At the request of Barnaby A. Wendrow, herein termed plaintiff, a resident elector and taxpayer of Isabella county, and by leave of this court the attorney general, on condition that he take no further part therein, filed an information in the nature of quo warranto to test the legal qualifications of James A. Knapp to hold the office of school commissioner for the county of Isabella.   Mr. Knapp is in the office under nomination by a party convention and vote of the electors of the county in 1943.   It is claimed by plaintiff that Mr. Knapp did not have sufficient experience in public school teaching to qualify him to hold the office under the provisions of Act No. 147, § 3, Pub. Acts 1891, as amended by Act No. 96, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 7705, Stat. Ann. 1944 Cum. Supp. § 15.803). Defendant, by answer, asserted he had the essential statutory qualifications and upon replication thereto by plaintiff we referred the taking of testimony and return thereof to Hon. Ray Hart, circuit judge of Isabella county.   At the taking of the testimony defendant claimed the right to have a jury determine the facts.   Our order of reference was only to take the testimony and return the same to this court and that has been done.

3 Comp. Laws 1929, § 15281 (Stat. Ann. § 27.2325), relative to issues in quo warranto proceedings, provides:

"All issues of fact or of law, that shall be joined between the parties, shall be tried and determined in the supreme court, or in the circuit court of such county as the supreme court may by special rule direct."

The mentioned statute relative to qualifications of school commissioners provides:

"Persons eligible to hold the office of commissioner of schools must possess the following qualifications:

"(a) 45 months' experience as a teacher in the public schools of this State.

"(b) Must hold a teacher's Michigan life or a provisional or permanent certificate and must be a graduate of some college or university approved as a teacher training institution by the State board of education, with either a bachelor of arts or a bachelor of science degree, and in all counties having a population of more than 30,000 according to the last Federal census, must have a master's degree: Provided, That persons holding the office of commissioner of schools at the time this amendment goes into effect shall be eligible to succeed themselves without possessing the aforesaid qualifications.

"(c) Must file with the county clerk not less than 3 days prior to the date of the county convention of his or her political party an affidavit or other proofs establishing the facts which show the eligibility of such person for said office. No person shall be entitled to be a candidate for said office unless and until said affidavit or the proofs have been filed."

Defendant asserts that he filed the mentioned affidavit, supported by other affidavits, showing his qualifications and plaintiff asserts that the showing was untrue.

After defendant was nominated at a party convention plaintiff herein, who is an attorney at law, requested the prosecuting attorney for Isabella county to file a quo warranto proceeding in the circuit court to test defendant's qualifications for the office. The request was refused. Plaintiff therein, as attorney for the parties plaintiff therein, filed a bill in the Isabella circuit court to restrain the election com-

mission from placing defendant's name on the election ballot because of his disqualifications to be a candidate. During the progress of that case the former commissioner of schools was substituted as sole plaintiff and plaintiff herein withdrew as attorney. In the circuit court the bill was dismissed and there is pending in this court an application for leave to appeal.

Defendant's counsel contend that plaintiff, as relator here, considered with his mentioned previous activities, violated the canon of professional ethics with which attorneys should conform and asks this court, on that ground, to dismiss the proceeding. Decision in this case turns upon the questions of fact and law of whether defendant is disqualified to hold the office of school commissioner and the canon of professional ethics is not in any sense involved.

Counsel for defendant set up his qualifications for the office as follows:

"(a) Teaching experience in the public schools of the State of Michigan for 53 months.

"(b) He has a teacher's Michigan Life Certificate and a Bachelor of Science degree from a duly accredited college, Central Michigan College of Education."

His teaching experience consists of:

"(a) One month at Marlette Michigan High School.

"(b) Six months at the Training School, public school at Mt. Pleasant, Michigan.

"(c) Forty-six months in the Shepherd, Michigan, school system."

It appears that Isabella county, according to the last Federal census of 1940, had a population of 25,982.

Defendant received his teacher's certificate March 22, 1929. Plaintiff states the following question: "Can 'teaching experience' as required by the statute be claimed prior to receiving a teacher's certificate?" Under the evidence this question does not have to be answered as we find defendant had 45 months' teaching experience in the public schools after he acquired his teacher's certificate.

Counsel for plaintiff cite our holding in *Scalf* v. *L'Anse Township Single School District* (syllabus), 276 Mich. 662, that, "Teachers in township school districts may not be employed as such except under written contract (2 Comp. Laws 1929, § 7156, subd. (q) [Stat. Ann. § 15.76(q) ])." That was an action to recover salary and not, like the case at bar, one to compute the period of service as a qualification for the office of school commissioner. This case does not depend upon a lawful contract but upon teaching service actually performed.

Defendant testified he taught in the public school at Shepherd for four years, commencing in the fall of 1929. This included each school year of nine and a half months, or 38 months all together, and he claims better than seven months' employment by the board of education during school vacations in supervising, directing and instructing the school children in athletics and recreational activities, prescribed and authorized by the school board. This, if considered as public school teaching, accorded him the statutory qualification for nomination, election and holding the office of school commissioner. While recreational activities of public school pupils may not come within the compulsory school curriculum they may be adopted as a part of public education by school boards and defendant, as instructor therein or supervisor thereof, employed within the school year or during vacation periods, with or without pay

while acting as such, was engaged in public school teaching.

The statute, 2 Comp. Laws 1929, § 7568 (Stat. Ann. § 15.608), provides:

"Any school district may operate a system of public recreation and play grounds; acquire, equip, and maintain land, buildings, or other recreational facilities; employ a superintendent of recreation and assistants; vote and expend funds for the operation of such system."

It has been well said that education of a child means much more than merely communicating to it the contents of textbooks. This need is recognized by the mentioned statute relative to physical education as a component part of the public school curriculum.

In *Ganaposki's Case,* 332 Pa. 550 (2 Atl. [2d] 742, 119 A. L. R. 815), it was held, quoting syllabus:

" 'Teaching' physical education embraces all fields of athletics, including coaching football and basketball."

In that case a teacher, employed under a written contract to teach, without making reference to coaching, claimed he could not be dismissed solely for refusal to perform coaching duties so long as his services as an instructor in physical education were otherwise satisfactory. He was dismissed by the board of education and the dismissal affirmed.

We hold the teaching by defendant during vacation periods, in supervising and instructing pupils as before mentioned, should be computed in the statutory eligibility requirement of 45 months' teaching in the public schools.

Plaintiff failed to establish the alleged disqualification of defendant to hold the office of commis-

sioner of schools, and we dismiss the writ, with costs to defendant against Barnaby A. Wendrow as the relator mentioned in the information filed by the attorney general.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.