ROBERT J. BRADLEY v. EDWIN P. ANDREWS.

*Affidavit for appeal from before a justice.*

An appeal from justice's court will not be peremptorily dismissed on the ground that the affidavit for the appeal was sworn to before a notary who was an attorney in the case. The proper course would be to enter a rule nisi, instead.

Error to Lenawee. (Howell, J.) June 7.—June 20.

ASSUMPSIT. Defendant brings error. Reversed.

*Westerman & Westerman* and *Millard, Weaver & Weaver* for appellant.

*Richard A. Watts* for appellee.

GRAVES, C. J. Bradley sued Andrews before a justice of the peace, and the latter, being unable to attend in person, employed Mr. Westerman, an attorney of this Court, to appear and act for him. The attorney failed, however, to appear in season, and Bradley obtained judgment for damages, $231.34, and costs, $3.45. Andrews proceeded to appeal, and complied with all the statutory formalities. The court, on motion of the plaintiff, made a peremptory order dismissing the appeal, and the defendant alleges error.

The ground of dismissal was that the affidavit for appeal was sworn to before Westerman as notary public, it being claimed that his professional relation to. the cause brought him within the statute of 1877, which enacts " that it shall not be lawful for notaries public who are attorneys and counselors at law, or solicitors in chancery, to administer oaths in causes in which they may be professionally engaged." Pub. Acts 1877, p. 3.

Our attention must be confined to the actual case presented. The question concerns an affidavit for appeal from the judgment of a justice, and it cannot be properly disposed of without giving due consideration to a specific provision relative to affidavits for that purpose. The chapter giving the right of appeal and prescribing the affidavit contains several provisions to obviate what would otherwise be absolute fatalities; and the purpose of the Legislature is very plain to secure the right, as far as practicable, against mere errors and mistakes. Among the provisions mentioned is the following: " No appeal shall be dismissed on the ground of a defective affidavit, nor because the same does not conform to the provisions of this chapter: provided, the appellant, his agent or attorney, shall make an affidavit which shall conform to said provisions." Comp. L. § 5453.

It may be argued, no doubt, that this provision is not applicable because it supposes something which amounts to an affidavit in point of law, though more or less defective; whereas the paper in question is not an affidavit at all, but only an unsworn statement. There is room for a

great deal of subtlety in reasoning in this direction, and it might be carried so far as to render the statute altogether useless. In any case of a fault so serious as to jeopard the appeal or destroy it, unless corrected, it might be argued that the supposed affidavit was void. But the question is a practical one, and it must be so dealt with, and the construction should be in harmony with the spirit of the legislation on the subject, and in furtherance of the remedy.

Where the party has acted in evident good faith, and has made what he intends and supposes to be a proper affidavit, but, by some mistake or inadvertence, has fallen into an error which makes the paper insufficient as it stands, what difference can exist whether the error is want of capacity in the officer, or consists in something else? The result must be just the same unless the error is cured. If there be any defect whatever which demands the aid of the statute, the affidavit is for that reason wholly futile, except as an excuse for a good one.

We have held that the omission of the affiant's signature from the affidavit, and the omission from the jurat of the signature of the officer, he being the justice whose judgment was appealed from, were not incurable defects. *Dickinson v. Simondson* 25 Mich. 113. And, acting on the same principle and in furtherance of the plain purpose of the statute, we decide that the present case was within the provision quoted.

We think the *Detroit & B. P. R. Co. v. Judge of Wayne Circuit* 27 Mich. 303, should have been followed, and a rule nisi entered instead of a peremptory dismissal. We entertain no doubt that the point is presented by the writ of error, and the result is that the order of dismissal must be reversed with costs, and the case remanded for further proceedings by due course of law.

The other Justices concurred.