In the Matter of James E. BENNETT, Bankrupt,

MANUFACTURERS NATIONAL BANK OF DETROIT, Appellant,

v.

Donald W. KEELING, Trustee, Appellee.

No. 15703.

United States Court of Appeals
Sixth Circuit.

Nov. 25, 1964.

James D. Ritchie, Detroit, Mich. (A. Hilliard Williams, Maurice E. Williams, Detriot, Mich., on the brief; Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., of counsel), for appellant.

Stephen C. Bransdorfer, Grand Rapids, Mich. (Arthur R. Snell, James A. Engberg, Grand Rapids, Mich., on the brief; Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., of counsel), for Michigan Nat. Bank as amicus curiae.

David Davidoff, Kalamazoo, Mich. (Stanley, Davidoff & Long, Kalamazoo, Mich., of counsel), for appellee.

Before CECIL and PHILLIPS, Circuit Judges, and BOYD, District Judge.

HARRY PHILLIPS, Circuit Judge.

This appeal presents the question of the validity, under Michigan law, of an affidavit affixed to an automobile chattel mortgage, which was signed by the mortgagor and notarized by a notary public.[1]

The trustee in bankruptcy contends, and both the referee in bankruptcy and district court held, that the chattel mortgage was void as against general creditors in the bankruptcy proceeding, because the notary public did not administer the oath in accordance with requirements of the applicable Michigan statutes.[2]

---

1. The affidavit is as follows:

"State of Michigan } ss:
County of Wayne }

"James E. Bennett being first duly sworn deposes and says that he is the Buyer and Mortgagor named in the above instrument and has knowledge of the facts; that the consideration for said instrument was actual and adequate; that the same was given in good faith and for the purposes therein set forth; AND THE UNDERSIGNED ACKNOWLEDGES DELIVERY AND RECEIPT OF AN EXACT COPY OF THIS INSTRUMENT AT THE TIME OF ITS EXECUTION.

"James E. Bennett
"Buyer

"Subscribed and sworn to before me this 15th day of June, 1961.

"Roy W. Peterson, Jr.
"Notary Public, Wayne County, Mich.
"My commission expires June 22, 1963."

2. The Michigan chattel-mortgage-filing statute, Comp.Laws 1948, § 566.140, M.S.A. § 26.929, as amended by Act No. 106, Pub.Acts 1961, provides as follows:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, * * * unless the mortgagor or mortgagee named in such mortgage or conveyance intended to operate as a mortgage, or some person having knowledge of the facts shall, before the filing of the same, make and annex thereto an affidavit setting forth that the consideration of said instrument was actual and adequate, and that the same was given in good faith for the purposes in such instrument set forth; except that no defect in the affidavit shall make any mortgage heretofore or hereafter filed void as against the creditors of the mortgagor, * * * if the consideration of the instrument was actual and adequate and was given in good faith for the purposes set forth in the instrument. No officer shall receive such instrument or file the same in his office until such affidavit is made and annexed thereto: * * *."

The notary public was a salesman for the automobile dealer that sold the automobile in question to the mortgagor. The proof showed that the notary and mortgagor sat face to face across a table; that the notary required the mortgagor to read the "entire contract," referring to both the chattel mortgage and the affidavit; that the mortgagor read the chattel mortgage and the affidavit and the notary watched him read them; that the mortgagor signed both the chattel mortgage and affidavit in the presence of the notary; and the notary signed the jurat in customary form at the foot of the affidavit. The notary testified that he informed the mortgagor that he was signing as notary public and was notarizing the signature—"a formality that you have to do." The notary did not comply literally with the provisions of the Michigan statute in that he did not require the mortgagor to hold up his right hand and swear expressly that the consideration of the instrument was actual and adequate and that the same was given in good faith for the purposes in the instrument set forth.

The appellant bank purchased the chattel mortgage from the automobile dealer on June 21, 1961, and it was filed in the office of the register of deeds of Calhoun County on the same day. The bank took possession of the automobile on December 21, 1961, and sold it at a chattel-mortgage foreclosure sale on January 18, 1962. The mortgagor had filed a voluntary petition in bankruptcy and had been adjudicated a bankrupt on January 2, 1962. Two creditors extended credit to the bankrupt in the interim between the execution of the chattel mortgage on June 15, 1961, and December 21, 1961, when the bank took possession of the automobile. Both creditors remained unpaid at the time the bankruptcy petition was filed.

The referee held that the notary public failed to require the bankrupt to hold up his right hand and take a formal oath at the time the good faith affidavit on the chattel mortgage was signed and notarized, and therefore the chattel mortgage was void as against the trustee in bankruptcy. The referee ordered appellant bank to turn over to the trustee the sum of $1,851.87, which it realized from the sale of the automobile over and above the expenses of $158.13 incident to the foreclosure sale. The bank was permitted to file its proof of claim only as an unsecured creditor.

The district court affirmed the findings of fact and conclusions of law of the referee.

The appellant bank contends that the notarization was an adequate compliance with the Michigan statutes, and that in all events any defect was cured by Act No. 106, Public Acts 1961, M.S.A. § 26.-929, which provides that no defect in an affidavit "shall make any mortgage heretofore or hereafter filed void as against the creditors of the mortgagor * * * if the consideration of the instrument was actual and adequate and was given in

The State statute relating to oaths and affidavits, Comp.Laws Mich. 1948, § 617.-83, provides as follows:

"Whenever any oath or affidavit is or may be required or authorized by law in any cause, matter or proceeding, except oaths to witnesses and jurors in the trial of a cause, and such other oaths as are or may be required by law to be taken before particular officers, the same may be taken before any justice, judge or clerk of any court of record, circuit court commissioner, notary public, or justice of the peace * * *." [This language was codified as M.S.A. § 27.932 and now appears, with minor modifications, at M.S.A. § 27A.1440 (Comp.Laws 1948, § 600.1440, Pub.Acts 1961, No. 236).]

Comp.Laws Mich.1948, § 617.80, relating to the administering of oaths, provides as follows:

"The usual mode of administering oaths now practiced in this state, by the person who swears holding up the right hand, shall be observed in all cases in which an oath may be administered by law except in the cases herein otherwise provided." [This language was codified as M.S.A. § 27.929, and now appears, with minor modifications, at M.S.A. § 27A.1432 (Comp.Laws 1948, § 600.1432, Pub.Acts 1961, No. 236)].

good faith for the purposes set forth in the instrument." The Michigan National Bank filed a brief amicus curiae, contending that the holding of the district judge, if affirmed, would cast a cloud upon a vast number of financial transactions, and impose impossible burdens upon financial institutions in establishing the validity of chattel mortgages.

No question was raised in the bankruptcy court or the district court that the consideration for the chattel mortgage was not actual and adequate or that the mortgage was not given in good faith for the purposes set forth in the instrument, and the trustee makes no contention in this court as to lack of good faith and actual and adequate consideration. There is no claim of fraud, either actual or constructive in the transaction.

If the holding of the referee and district court is permitted to stand, it will mean that any chattel mortgage, executed in good faith and for an actual and adequate consideration, with an affidavit annexed thereto which on its face meets all statutory requirements, is void against creditors under Michigan law if the notary public fails to have the affiant raise his right hand and make a formal oath and does not have the affiant expressly swear that he executed the instrument in good faith and that the consideration was actual and adequate. No Michigan case squarely in point is cited by either party for or against this holding. Appellant bank and the amicus curiae cite decisions from other states [3] in support of the proposition that such statutory formalities are not mandatory, that the notary public in the instant case substantially complied with the statute and that the oath therefore was legally sufficient.

 We do not find it necessary on this appeal to go further than to construe and apply the amendatory language which was added to the Michigan chattel-mortgage-filing act by the enactment of Chapter 106, Public Acts of 1961. This statute was approved May 26, 1961, and was in effect at the time of the execution of the chattel mortgage and affidavit here in question. We hold that the statute cured the defects alleged to have existed in the execution of the affidavit under the facts of this case. Under the express provisions of this amendatory statute, no defect in the affidavit shall make any chattel mortgage void as against creditors of the mortgagor "if the consideration of the instrument was actual and adequate and was given in good faith for the purposes set forth in the instrument."

 The new language added by the 1961 statute is remedial. Under Michigan law, remedial statutes are liberally construed. Closser v. Remley, 195 Mich. 313, 162 N.W. 120; Pike v. Richardson, 136 Mich. 414, 99 N.W. 398.

We construe this statute to cure any infirmity that may have resulted from the failure of the notary public to require the bankrupt to hold up his right hand and make a formal oath. In placing this construction upon the statute, we apply well-settled rules of statutory construction.

In People v. Gould, 237 Mich. 156, 163, 211 N.W. 346, 348, the Supreme Court of Michigan said:

"It is an old and well-recognized rule that, when omissions, defects, or imperfections in a previously existing law have been supplied or corrected in subsequent legislation, they should be liberally construed for the advancement of the remedy and suppression of the mischief against which they are directed."

In Boyer-Campbell Co. v. Fry, 271 Mich. 282, 297, 260 N.W. 165, 171, 98 A.L.R. 827, the Supreme Court of Michigan quoted with approval the following

---

3. Illinois, In re Rice, 35 Ill.App.2d 79, 181 N.E.2d 742 (1962); Ohio, Cincinnati Finance Co. v. First Discount Corp., 59 Ohio App. 131, 17 N.E.2d 383 (1938); Kansas, State v. Anderson, 178 Kan. 322, 285 P.2d 1073 (1955); Mississippi, Atwood v. State, 146 Miss. 662, 111 So. 865, 51 A.L.R. 836 (1927); Minnesota, State v. Madigan, 57 Minn. 425, 59 N.W. 490 (1894); and Iowa, Dalbey Bros. Lumber Co. v. Crispin, 234 Iowa 151, 12 N.W.2d 277 (1943).

from 2 Lewis' Sutherland Statutory Construction (2d ed.) § 490:

> "Statutes will be construed in the most beneficial way which their language will permit to prevent absurdity, hardship or injustice; to favor public convenience and to oppose all prejudice to public interests."

In Smith v. City Commission, 281 Mich. 235, 240, 274 N.W. 776, 778, the Supreme Court of Michigan said:

> "Where, however, the language of a statute is of doubtful meaning, the court should give it a reasonable construction looking to the purpose to be subserved thereby, Attorney General v. Bank of Michigan, Harr. [Ch. (Mich.)] 315; Bennett v. Michigan Pulpwood Co., 181 Mich. 33, 147 N.W. 490, and the object sought to be accomplished, In re Estate of Ticknor, 13 Mich. 44, and its occasion and necessity, Bennett v. Michigan Pulpwood Co., supra; Sibley v. Smith, 2 Mich. 486, 487. Such construction should be placed upon the statute as to effect its purpose. People v. Stickle, 156 Mich. 557, 121 N.W. 497. The spirit and intention of the statute should prevail over its strict letter. Stambaugh Tp. v. Iron County Treasurer, 153 Mich. 104, 116 N.W. 569. Ordinarily, if a statute is open to construction at all, it will be so construed if possible as to prevent injustice, Attorney General [ex rel. Common Council of the City of Detroit] v. Marx, 203 Mich. 331, 168 N.W. 1005, and obviate absurd consequences, Attorney General v. Detroit U. Ry., 210 Mich. 227, 177 N.W. 726."

June v. School District, 283 Mich. 533, 278 N.W. 676, 116 A.L.R. 581, involved the validity of a school teacher's contract which had been sworn to, but the jurat was missing. The Michigan statute expressly required that the oath "shall be embodied in and made a part of said contract." The Supreme Court of Michigan held the contract to be valid and enforceable despite the defect in the oath.

Speaking through Mr. Justice McAllister, the court said:

> "When the words of a statute are not precise and clear, the construction which is most reasonable and best suited to accomplish the objects of the statute should be adopted, and a construction leading to an absurd consequence shall be disregarded. Groesbeck, Attorney General v. [Detroit United] Railway Co., 210 Mich. 227, 177 N.W. 726, 1023. If it can be avoided, the statute will not be given a construction which will create a hardship and injustice. Attorney General [ex rel. Common Council of the City of Detroit] v. Marx, 203 Mich. 331, 168 N.W. 1005." 283 Mich. at 543, 278 N.W. at 680.

Bradley v. Andrews, 51 Mich. 100, 16 N.W. 250, involved the construction of remedial legislation designed to cure defective affidavits. In holding that this legislation cured an affidavit which otherwise was void because the oath was administered by the attorney for affiant in violation of another Michigan statute, the court said:

> "It may be argued, no doubt, that this provision is not applicable because it supposes something which amounts to an affidavit in point of law, though more or less defective; whereas the paper in question is not an affidavit at all, but only an unsworn statement. There is room for a great deal of subtlety in reasoning in this direction, and it might be carried so far as to render the statute altogether useless. In any case of a fault so serious as to jeopard the appeal or destroy it, unless corrected, it might be argued that the supposed affidavit was void. But the question is a practical one, and it must be so dealt with, and the construction should be in harmony with the spirit of the legislation on the subject, and in furtherance of the remedy.

> "Where the party has acted in evident good faith, and has made what he intends and supposes to be a

proper affidavit, but, by some mistake or inadvertence, has fallen into an error which makes the paper insufficient as it stands, what difference can exist whether the error is want of capacity in the officer, or consists in something else?" 51 Mich. at 101, 16 N.W. at 250–251.

To like effect see Healey v. Worth, 35 Mich. 166.

The district court held that the 1961 amendatory statute "applies only to clerical defects in a valid affidavit." Applying the foregoing rules of statutory construction, we reject this narrow construction of the 1961 amendment. Such a construction would defeat the purpose of the language added by the amendment and cast a cloud of uncertainty upon a large number of chattel mortgages executed in Michigan. Notaries public could notarize affidavits regular on their face, as was done in the instant case, yet destroy their validity by subsequent testimony. The enforceability of chattel mortgages would be dependent upon the degree of care exercised by notaries public or upon the memory of notaries and mortgagors as to whether an oath in fact was administered and whether the right hand in fact was raised. No attorney could render an opinion to his client as to the validity of a chattel mortgage without first interviewing the notary public who notarized the instrument and obtaining a sworn statement from him as to the details of the administration of the oath. It would be the obligation of every trustee in every Michigan bankruptcy proceeding involving a chattel mortgage to call the notary as a witness and examine him as to the formalities followed at the time of the execution of the affidavit.

It is our opinion that such a result is one of the consequences intended to be avoided by the enactment of the 1961 statute, and that the courts of Michigan would apply the foregoing rules of statutory construction and interpret the statute so as to effectuate this purpose.

The conclusion which we have reached is in harmony with the expression of this court in Dodson v. Imperial Motors, Inc., 295 F.2d 609, 614 (C.A.6), in which we said:

"Independent of statute, Michigan, consistent with general law, holds that a notary's certification to the acknowledgment to a deed, mortgage or other instrument raises a presumption of the truth of the facts recited in such acknowledgment. Metropolitan Lumber Co. v. McColeman, 140 Mich. 333, 103 N.W. 809; Hall v. Hall, 190 Mich. 100, 155 N.W. 695; Hourtienne v. Schnoor, 33 Mich. 274; Johnson v. Van Velsor, 43 Mich. 208, 219, 5 N.W. 265; Dikeman v. Arnold, 78 Mich. 455, 470, 44 N.W. 407; Cameron v. Culkins, 44 Mich. 531, 77 N.W. 157; Donahue v. Vosper, 189 Mich. 78, 85, 86, 155 N.W. 407; Saginaw Building & Loan Association v. Tennant, 111 Mich. 515, 516, 517, 69 N.W. 1118; Shelden v. Freeman, 116 Mich. 646, 74 N.W. 1004."

In Loucks v. Foster & Wards Used Cars, 334 F.2d 86 (C.A.6), we held that a transfer of a certificate of title to a motor vehicle was not invalidated by a claimed technical defect in the notarization of the affidavit, saying:

"In the case before us, every required step was literally complied with, but invalidity is charged because of an alleged taint in one of the steps—a taint probably growing out of innocent ignorance of an obscure principle of public policy. We need not emphasize how little security there would be in certificates of title issued by the Michigan Secretary of State if they could be found invalid long after the event because of such a thin cloud as we have been talking about."

The referee held that the purpose of the 1961 amendment was merely to give legislative and statutory sanction to certain Michigan decisions holding that clerical defects in an affidavit do not render the instrument void. This interpretation runs counter to the rule of statutory construction that an amendment to an existing statute is indicative

of a legislative intent to change existing law. Bonifas-Gorman Lumber Co. v. Unemployment Compensation Commission, 313 Mich. 363, 21 N.W.2d 163; Strong v. Daniels, 3 Mich. 466, 470.

It is our opinion that the referee and district court erroneously construed and applied the controlling law of Michigan. We hold that the right of the appellant bank to enforce the chattel mortgage here involved was not impaired by the failure of the bankrupt to hold up his right hand and take a formal oath before the notary public in accordance with the literal terms of the statutes quoted in the second footnote.

The judgment of the district court is reversed and the case is remanded with instructions to vacate the order requiring appellant bank to turn over to the trustee the proceeds from the sale of the mortgaged automobile, and that appellant bank be absolved from any responsibility to pay over such proceeds to the trustee.

Dimock, District Judge, dissented.