**MAGEE–WOMENS HOSPITAL, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, et al., Defendants.**

Civ. A. No. 83–722.

United States District Court, W.D. Pennsylvania.

May 3, 1983.

J. Jerome Mansmann, Pittsburgh, Pa., for plaintiff.

Diane Moskal, U.S. Dept. of Health and Human Services, Philadelphia, Pa., for Margaret Heckler, Secretary of the U.S. Dept. of Health and Human Services; Carolyn K. Davis, Administrator of the Health Care Financing Administration, U.S. Dept. of Health and Human Services; Everett F. Bryant, Regional Administrator of the Health Care Financing Administration, U.S. Dept. of Health and Human Services; Peter Goodman, Medicaid Program Specialist, U.S. Dept. of Health and Human Services, Medicare Regional Office.

Kathleen McGrath, Deputy Atty. Gen., Harrisburg, Pa., for Walter Cohen, Secretary of the Com. of Pa. Dept. of Public Welfare; Gerald F. Radke, Deputy Secretary for Medical Assistance, Pa. Dept. of Public Welfare.

---

J. Alan Johnson, U.S. Atty., Albert Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., Karen L. Galli, Deputy Counsel, Dept. of the Auditor General, Harrisburg, Pa., for Al Benedict, Auditor General of the Com. of Pa.

## OPINION

WEBER, District Judge.

By this action plaintiff seeks a declaratory judgment that certain Medicaid regulations passed by the Pennsylvania Department of Public Welfare (DPW) are invalid and unenforceable. Plaintiff also seeks to have this court enjoin the enforcement of the subject regulations. Plaintiff in its complaint has alleged that the regulations were improperly adopted, the regulations do not conform with substantive requirements of the Medicaid Act, and application of the regulations to the plaintiff has resulted in violation of plaintiff's due process and equal protection rights.

We now address plaintiff's motion for a preliminary injunction which is restricted solely to the issue of whether the state may enforce the regulations prior to approval by the Secretary of Health and Human Services (HHS). Defendants have admitted that the Secretary has not yet approved these regulations and that the state is currently enforcing them. Because we conclude that plaintiff has not established a substantial likelihood of success on the merits we will deny plaintiff's motion for preliminary injunction.

Plaintiff is a provider of in-hospital services and a voluntary participant in the Pennsylvania Medical Assistance Program. The Commonwealth administers this program and receives contribution from the federal government through the Medicaid program. The DPW regulates coverage and rate of payment and makes reimbursement to participants in the program for services provided under the program. Reimbursement is made in interim payments with an annual accounting.

In October 1982 plaintiff began operation of a newly-constructed maternity wing. This $41,645,000 construction project received planning agency approval from the DPW. This new operation has substantially increased costs for the year 1982–83 because of increased interest and depreciation expenses. Plaintiff anticipated that under previous regulations it would be properly reimbursed for these additional costs.

As a result of fiscal belt tightening by the federal government the Commonwealth's DPW was forced to seek ways to limit increases in the program's budget. The contested regulations are the result. In effect these new regulations impose a 10% ceiling on increases in the DPW's interim payments to participants in the program. Because of its new project plaintiff's costs will exceed 110% of last year's costs. Although the new regulations do make provision for reimbursement of the cost associated with the capital expenditure, payments are made on a year-end basis and are not included in the interim payments. Furthermore, additional criteria must be met in order to obtain any payment.

The DPW submitted its new regulations to the Secretary for approval in accord with the Medicaid statute. The Secretary has not yet given approval. The DPW has already begun enforcement of the regulation. Plaintiff contends that these regulations are not enforceable without final approval of the Secretary and their enforcement should be enjoined until the occurrence of that eventuality. Defendants contend that the statute does not require prior approval.

The issue then is whether Congress required approval by the Secretary prior to the enforcement of any amendments to a state's Medicaid plan. A fortiori, a review of the relevant statutory provisions is in order.

In support of its position, plaintiff advances 42 U.S.C. § 1396. That section provides in part:

> The sums made available under this section shall be used for making payments to States which have submitted, and had approved by the Secretary of Health, Education and Welfare, State plans for medical assistance.

Plaintiff contends that this provision requires approval by the Secretary prior to any payments. However, read in context, this provision refers to implementation of State's original plan and does not on its face control payments under an amendment to a state's plan.

Plaintiff also relies on 42 U.S.C. § 1396n(f) which makes reference to a "proposed state plan." This it is argued makes clear that a state amendment until approved is only a proposal and is without effect. We disagree. This language merely reaffirms that the Secretary must ultimately approve any amendment, and to the extent that approval may be denied, each amendment is contingent. This reference sheds no light on whether a state amendment, awaiting approval, can be enforced prior to receipt of approval.

The critical provision for our purposes is 42 U.S.C. § 1396a as amended. That section provides in pertinent part:

(a) A state plan for medical assistance must

.     .     .     .     .

(13) provide—

(A) for payment ... of the hospital ... services provided under the plan through the use of rates ... which the state finds, and makes assurances satisfactory to the Secretary, are reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities ...

It is clear from this provision that approval by the Secretary is required. What is not apparent on the face of the statute is whether a state may enforce its amendments to its state plan prior to receiving approval of that amendment by the Secretary.

Relevant to this inquiry is the recent history of the Medicaid statute. Prior to the 1981 amendments the Medicaid statute explicitly required approval by the Secretary prior to enforcement of amendments by the state. 42 U.S.C. § 1396a(a)(13)(D). That section provided in pertinent part:

(a) A state plan for medical assistance must ...

(13) provide ...

(D) for payment of the reasonable cost of inpatient hospital services provided under the plan, as determined in accordance with methods and standards ... which shall be developed by the state and reviewed and approved by the Secretary, and (after notice of approval by the Secretary) included in the plan ...

This explicit requirement of prior approval was deleted in the 1981 amendments quoted above.

■ The history of a statute and the evolution of its language are relevant to the resolution of an ambiguity in the statute. *In re Noel's Estate,* 332 F.2d 950 (3d Cir. 1964); *C.I.R. v. Bilder,* 289 F.2d 291 (3d Cir.1961); *In re Bennett,* 338 F.2d 479 (6th Cir.1964). In the instant case Congress had previously imposed a prior approval requirement by the inclusion of simple explicit direction in the statute. This direction is absent in the 1981 amendment, though its inclusion would have been a simple matter for Congress. We conclude that the deletion of the prior approval requirement is persuasive evidence that Congress intended to change the meaning of the statute. Moreover, the ease with which Congress could have imposed the prior approval requirement militates against finding such a requirement implicit in the language of the statute. *See, Charleston Memorial Hospital v. Conrad,* 693 F.2d 324 (4th Cir.1982); *Jennings v. Alexander,* 518 F.Supp. 877 (M.D. Tenn.1981).

Furthermore, changes in federal Medicaid regulations parallel the change in the statutory language. Prior to the 1981 amendments, 42 C.F.R. § 447.261(a) (1980), required federal approval of methods and standards for payment rates prior to implementation. Subsequent to the 1981 amendments to the statute, this requirement was deleted from the superseding regulation. 45 C.F.R. § 447.252–256 (1982). The statutory and regulatory changes regarding approval of rate payments places these state amendments on the same footing with other types of amendments to state plans. *See, Jennings,* 518 F.Supp. at 888, n. 13.

Plaintiff relies primarily on two decisions which held that prior approval of the Secretary is required under the 1981 amendments to the statute. *See, California Hospital Association v. Schweiker,* 559 F.Supp. 110, Medicare and Medicaid Guide; New Developments (CCH) § 32043 (C.D.Cal., 1982); *Alabama Hospital Association v. Beasley,* Medicare and Medicaid Guide; New Developments (CCH) § 31608 (M.D.Ala. Nov. 18, 1981). We note, however, that in neither case was the issue of prior approval truly before the court. In both cases the central issue was the sufficiency of approval and not the timing of enforcement. Neither decision explores the statutory and regulatory background of prior approval nor presents any rationale for the conclusion that prior approval is required. For these reasons we find the decisions unpersuasive.

Upon consideration of the current language of the statute, relevant statutory and regulatory history, and relevant legal precedent, we conclude that approval by the Secretary is not a prerequisite to enforcement by the State of amendments to the Medicaid program. For the reasons stated above, plaintiff's motion for preliminary injunction will be denied.