FLETCHER v. STATE TREASURER

1. INSURANCE — CASUALTY INSURERS — REQUIREMENTS FOR DOING BUSINESS — SECURITIES.

Domestic casualty insurers are required to deposit with the state treasurer securities of a specified value as a precondition to doing business in this state (CLS 1961, § 500.413, as amended by PA 1966, No 221).

2. INSURANCE—CASUALTY INSURERS—JUDGMENT CREDITORS—PRIORITIES.

No statute gives tort judgment creditors priority of payment from the general assets of the tortfeasor's insurer.

3. INSURANCE—CASUALTY INSURERS—REQUIREMENTS FOR DOING BUSINESS—SECURITIES—INSOLVENCY OF INSURER—DISTRIBUTION OF ASSETS—STATUTES.

The insurance code requires that the assets of an insolvent insurance company be distributed equally and justly among the persons entitled to them, and plaintiffs, tort judgment creditors of a person insured by an insolvent company, cannot successfully assert a preferred claim to the securities of the insurer on deposit with the state treasurer (CLS 1961, § 500-.413, as amended by PA 1966, No 221; CLS 1961, §§ 500.1124 [2], 500.7837[8–10]).

4. STATUTES—CONSTRUCTION.

The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent as expressed in the statute.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur, Insurance § 57.
[2] 29 Am Jur, Insurance § 126; 29A Am Jur, Insurance § 1690.
[3] 29 Am Jur, Insurance §§ 125, 126.
[4] 50 Am Jur, Statutes § 223.

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 January 9, 1969, at Lansing. Leave to appeal granted November 12, 1969. See 382 Mich 794.

Complaint by Lynn E. Fletcher and Lamar E. Fletcher against the state treasurer for declaratory judgment determining plaintiffs' rights in certain securities owned by an insolvent insurance company and on deposit with defendant. Defendant's motion for summary judgment granted. Plaintiffs appeal. Affirmed.

*Dobson, Griffin & Barense,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harry G. Iwasko, Jr.,* Assistant Attorney General, for defendant.

BEFORE: Quinn, P. J., and McGregor and V. J. Brennan, JJ.

McGregor, J. In 1960, one of the plaintiffs was injured in an accident while driving a car owned by the other plaintiff. In 1963, plaintiffs sued the estate of the deceased driver of the other car involved in the accident, and each received a judgment based on the deceased driver's negligence. The automobile insurance company of the deceased driver was placed in statutory receivership and under the control of the receiver in 1964. Before the accident and in accordance with § 413 of the insurance code of 1956, CLS 1961, § 500.100 *et seq.* (Stat Ann 1956 Rev § 24.1100 *et seq.*), the insurance company deposited securities of a substantial value with defendant.

In 1967, plaintiffs filed this action for a circuit court judgment declaring the deposited securities

a trust fund in which plaintiffs had shares equal
to their negligence judgments in full or to the limits
of the deceased driver's coverage, whichever was
less.   Plaintiffs requested that defendant, the re-
ceiver, or any other person in control of the fund,
be directed to pay plaintiffs, and that either the
receiver be joined in the action or their complaint
become part of the receivership proceedings.  After
the complaint was transferred to the judge handling
the receivership matter, defendant and the receiver
filed a motion for summary judgment.   The court's
judgment determined that under the insurance code
the deposited securities are general assets held in
trust for the benefit of all policyholders and cred-
itors of decedent's insurer and further, that plain-
tiffs did not have either a special claim or a pre-
ferred claim to the deposit.   Plaintiffs filed the
present appeal.

The issue presented is whether tort judgment
creditors of policyholders have priority over gen-
eral creditors in the statutory trust fund of securi-
ties deposited with the state treasurer by a domestic
casualty insurance company when that company be-
comes insolvent.

Plaintiffs contend that the deposit is a trust fund
for the benefit of the insurance company's policy-
holders, and thus their judgment creditors have
priority over general creditors.   Defendant argues
that the deposit is a general asset, available to gen-
eral creditors and policyholders with no priority
created.

According to § 413 of the Michigan insurance code
of 1956, CL 1948, § 500.413, as amended by PA
1966, No 221 (Stat Ann 1968 Cum Supp § 24.1413),
domestic casualty insurers are required to deposit
securities with defendant as a precondition to doing
business in the state.   Subsection (a) states that

the security shall be assigned to defendant in trust *for the benefit of all policyholders.* (Emphasis supplied.) Under § 1124(2) of the code (CLS 1961, § 500.1124[2] [Stat Ann 1957 Rev § 24.11124(2)]), when the insurer becomes insolvent, its assets, including the trust deposit, shall be distributed equally and justly among the persons equitably entitled thereto. Section 7837(8) of the code (CLS 1961, § 500.7837[8] [Stat Ann 1957 Rev § 24.17837(8)]), adopted from the Uniform Insurers Liquidation Act, contains the following under the definition of general assets:

"Assets held in trust and assets held on deposit for the security of or *benefit of all policyholders,* or all policyholders and creditors in the United States, *shall be deemed general assets.*" (Emphasis supplied.)

The next subsections include the following definitions:

"(9) 'Preferred claim' means any claim with respect to which the law of a state or of the United States accords priority of payment from the general assets of the insurer.

"(10) 'Special deposit claim' means any claim secured by a deposit made pursuant to statute for the security or benefit of a limited class or classes of persons, *but not including any general assets.*" (Emphasis supplied.)

Since no statute gives plaintiffs, as tort judgment creditors, priority of payment from the general assets of decedent's insurance company, plaintiffs' claim is not preferred. Similarly, the trust deposit was not made for the benefit of a limited class of persons under the wording of subsections (8) and (10), and therefore, plaintiffs' claim is not a special deposit claim. Thus, under subsection (8), the

deposited securities are general assets for the benefit of all policyholders, including their judgment creditors, and general creditors. There is no priority established by the code sections favoring judgment creditors.

Plaintiffs' main argument states that it is unfair to put a policyholder or the person injured by him to whom the insurance company is liable after tort judgment in the same position as a general creditor. Notwithstanding the alleged unfairness of the result, the statute's language, as plaintiffs' argument implicitly acknowledges, places policyholders, their judgment creditors, and general creditors on an equal footing insofar as the securities deposited with defendant are concerned. The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent as expressed in the statute. *June* v. *School District No. 11, Southfield Township, Oakland County* (1938), 283 Mich 533, 543 (116 ALR 581). The statutory language clearly indicates the legislature's intent to treat the deposit as a general asset for policyholders and creditors, with no priority expressed or intended for judgment creditors of policyholders.

Affirmed. No costs, a public question being involved.

All concurred.