MICHIGAN BELL TELEPHONE COMPANY *v.*
EMPLOYMENT SECURITY COMMISSION.

1. UNEMPLOYMENT COMPENSATION—PREGNANCY LEAVE OF ABSENCE—
APPLICATION FOR REINSTATEMENT.

     Applicant for reinstatement who had obtained pregnancy leave
of absence *held,* not entitled to unemployment compensation
benefits where application was made *before* termination of leave,
since she did not come within statutory exception to disquali-
fication that application for reinstatement be made at the ter-
mination of the leave (CLS 1961, § 421.29).

2. SAME—FINDINGS OF APPEAL BOARD—GREAT WEIGHT OF EVIDENCE.

     Trial court properly held findings of appeal board of employ-
ment security commission for claimant for unemployment com-
pensation contrary to the great weight of the evidence in
proceeding by telephone operator who sought unemployment
compensation for portion of period covered by leave of absence
for pregnancy, where application for reinstatement was made
before expiration of leave (CLS 1961, § 421.29).

3. COSTS—CONSTRUCTION OF STATUTES.

     No costs are allowed in proceeding to recover unemployment com-
pensation benefits where a question of statutory construction
is involved (CLS 1961, § 421.29).

Appeal from Ingham; Hughes (Sam Street), J.
Submitted January 4, 1965. (Calendar No. 24,
Docket No. 50,381.) Decided October 4, 1965.

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance, and Re-
tirement Funds § 35.
Circumstances of abandonment of employment, or nature of excuse
for refusing re-employment as affecting right to unemployment
compensation. 141 ALR 101, 158 ALR 396.

[2] 48 Am Jur, Social Security, Unemployment Insurance, and Re-
tirement Funds § 46 *et seq.*

[3] 20 Am Jur 2d, Costs § 10.

Claim for unemployment compensation benefits by Della M. Morris. Claim denied by commission and referee. Reversed by appeal board of defendant commission. Michigan Bell Telephone Company employer reviewed by certiorari to circuit court. Reversed. Claimant appeals. Affirmed.

*Charles F. Cummins* and *Alan R. Waterstone,* for Michigan Bell Telephone Company.

*Zwerdling, Miller, Klimist & Maurer (Bruce A. Miller* and *Joseph R. Wietek,* of counsel), for Della M. Morris.

SMITH, J. The claimant of unemployment benefits, Della M. Morris, was hired by the telephone company April 3, 1957. On March 1, 1961, claimant filed application for leave of absence due to pregnancy, the leave to commence on March 6, 1961, and extend to March 5, 1962. With approval of her employer, the employee-claimant left her duties March 6, 1961, although formal authorization of leave by the employer was not completed until March 27, 1961, and when so approved was for the period requested, that is, March 6, 1961 to March 5, 1962.

Claimant's child was born April 26, 1961, not many weeks after she left her duties with the company. On May 31, 1961, claimant contacted the company about returning to work, but was advised that no work was available. On July 12, 1961, she applied for unemployment benefits which were denied by the commission whose decision was upheld by the referee. The appeal board reversed the referee and the circuit court reversed the appeal board.

The issues here are similar to the ones in *American Telephone & Telegraph Co.* v. *Employment Security Commission,* 376 Mich 271. As to the proper in-

terpretation of section 29(1)(d) of the Michigan employment security act (CLS 1961, § 421.29[1][d] [Stat Ann 1960 Rev § 17.531(1)(d)]), then, the case cited controls, insofar as applicable, and as may be limited by special concurrences. This includes the point made in the opinion of Mr. Justice O'HARA that (p 286) "to come within the proviso in the statute excepting claimants from the disqualification for pregnancy, application for reinstatement must be made as the statute requires 'at the termination of such leave.'" Claimant herein, having applied for reinstatement before expiration of the leave, does not come within the excepting proviso.

The reasons above are sufficiently dispositive of the case. However, to set another possible contention at rest, we say that if we were deciding the factual question we would hold, as did the circuit court, that the findings of the appeal board are contrary to the great weight of the evidence.

Affirmed. No costs, a question of statutory construction being involved.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, O'HARA, and ADAMS, JJ., concurred with SMITH, J.

BLACK, J., concurred in result.