SHEPHERD v. EMPLOYMENT SECURITY COMMISSION.

1. UNEMPLOYMENT COMPENSATION—LEAVE OF ABSENCE—VOLUNTARY REQUEST.

Employee who chose to apply for 6-month leave of absence from work rather than to jeopardize his seniority rights by being absent for more than 2 days when acute exacerbation of osteoarthritis of spine made his work too painful, *held*, to have made a voluntary choice to request leave of absence, hence, he was properly found not unemployed by referee and appeal board of employment security commission (CLS 1961, §§ 421.28, 421.48).

2. SAME—LEAVE OF ABSENCE—UNION CONTRACT.

Leave of absence for 6 months granted by employer to employee upon his application, made to protect his seniority rights when acute exacerbation of osteoarthritis of spine made his work too painful, *held*, granted pursuant to collective bargaining agreement which provided for granting of leave of absence at discretion of employer for not more than 1 year, and that employer would not be required to provide work until expiration of the granted leave, hence employee was properly found not to be unemployed by referee and appeal board of employment security commission (CLS 1961, §§ 421.28, 421.48).

3. SAME—LEAVE OF ABSENCE—TERMINATION.

A granted leave of absence to an employee is not terminable unilaterally at request of employee before time for which leave was granted expired, when union-management contract provided that employer would not be required to provide work for employee until expiration date of leave of absence, so as to render the employee unemployed and entitled to unemployment compensation benefits (CLS 1961, §§ 421.28, 421.48).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 35 *et seq.*

4. Same—Leave of Absence—Unemployment.
Employee who was on unexpired leave of absence from his
work, granted at his request and pursuant to union-management
contract, *held*, not to be *unemployed* within meaning of employment
security act (CLS 1961, § 421.48).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 June 1, 1966, at Lansing. (Docket No. 1,429.) Decided October 25, 1966.

Jim Shepherd made a claim for unemployment compensation benefits when employer Albion Malleable Iron Company, a Michigan corporation, refused to reinstate him at work. Claim denied. Claimant appealed to referee, then appeal board of Michigan Employment Security Commission, each of which denied benefits. Claimant appealed to circuit court. Appeal board decision affirmed. Claimant appeals. Affirmed.

*Kelman, Loria, Downing & Schneider,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. J. Setlock,* Assistant Attorney General, for defendant Michigan Employment Security Commission.

*Varnum, Riddering, Wierengo & Christenson* (*Carl E. VerBeek,* of counsel), for defendant Albion Malleable Iron Company.

T. G. Kavanagh, J. Claimant, Jim Shepherd, was hired by defendant, Albion Malleable Iron Company, in 1951 and worked in the core department until October 18, 1962. In January, 1961, he was working on an oven and experienced pain in his back. At this time he left work on a leave of absence for

about six months.  When he returned he was assigned to the core department and remained there until October 18, 1962.  On that date claimant asked his foreman for a change of jobs and was referred to defendant-employer's doctor.  The doctor recommended "retirement or light work or part-time light work" because claimant suffered from an acute exacerbation of pre-existing osteoarthritis of the spine. Claimant then requested a leave of absence after it was explained to him that if he was to be away from work more than two days and wanted to protect his seniority, he would have to request and obtain a leave of absence.

Claimant requested such a leave, signed the application therefor, and a leave of absence was granted to him for the period October 18, 1962, to April 15, 1963.  The leave was granted in accordance with the extant union-management contract and was approved and signed by claimant's union and committeeman, claimant's foreman, and the employer's employee relations manager.  The applicable section of the union-management contract is paragraph 58(c), which reads:

"Leave of absence may be granted at the discretion of the company to any employee for such period as the company may determine, but not exceeding 1 year.  Before a leave of absence is granted it shall be approved by the employee's foreman, the appropriate committeeman, and the personnel department. The company shall not be required to provide work for an employee until the expiration date of the leave of absence which was granted."

In early November, 1962, claimant informed the employer that he could return to light work and submitted a letter from their doctor stating his back had improved.  The employer, however, refused to reinstate the claimant after checking with the

doctor and discovering that claimant was not able
to work. Claimant then filed a grievance, but it was
withdrawn by his union representative on November
15, 1962. At this time, claimant was advised that
he would be eligible for weekly sickness and acci-
dent benefits, but, instead, on November 23, 1962,
he elected to apply for workmen's compensation
benefits.

On December 14, 1962, claimant filed an applica-
tion for unemployment compensation benefits with
the appellee, Michigan Employment Security Com-
mission. In answer to their inquiry the employer's
doctor indicated that claimant was not able to do his
customary work but could do light work only.

The commission issued a determination dated
January 8, 1963, denying the claim for the reason
that the medical statement presented indicated that
he was unable to work and was, therefore, ineligible
under section 28(c) of the Michigan employment
security act.[1]

Upon claimant's request for a redetermination,
the commission again denied his claim, finding that
claimant (1) was on an approved leave of absence
and was, therefore, not "unemployed" within the
meaning of section 48[2] of the act, and (2) he had
not established that he was then able to work as
required by section 28(c) of the act.

The referee, to whom an appeal was next taken,
also held claimant not to be "unemployed" for the
same reason.

The appeal board, after hearing, affirmed the ref-
eree and further held that his decision as to claim-
ant's availability for work was moot because no valid
claim had been filed in view of its finding that he was
not an unemployed individual. Their decision was

_____

1 CLS 1961, § 421.28(c) (Stat Ann 1960 Rev § 17.530[c]).
2 CLS 1961, § 421.48 (Stat Ann 1960 Rev § 17.552).—REPORTER.

affirmed by the circuit court for the county of Ingham.

On appeal to this court, appellant first contends that the leave of absence was not granted at his request. We regard the appellant's signature of the leave form, following the explanation that it was necessary in order to protect his seniority rights, as an election to request a leave of absence, a choice voluntarily made by appellant.

Appellant's next contention is that the leave of absence was not granted pursuant to a collective bargaining agreement.

To agree with this contention we would have to ignore section 58 of the union contract and take phrases out of context from the hearing before the appeal board. This we cannot do. The language of the union contract explicitly covers the situation before us and further, the testimony of defendant's employee indicated that the leave of absence request form was not limited only to a personal leave of absence, but covered all types of leaves, including the one now before us.

Finally, we do not view the leave of absence granted claimant to be terminable unilaterally. The decisions in *American Telephone & Telegraph Company* v. *Employment Security Commission* (1965), 376 Mich 271, and *Michigan Bell Telephone Company* v. *Employment Security Commission* (1965), 376 Mich 308, are dispositive of this issue. Further, section 58 of the union contract here involved specifically provides that if a leave of absence is obtained the company will not be required to provide work for the employee until the expiration of the leave of absence.

Having determined claimant to have been on a leave of absence and thus, not an "unemployed individual," a determination by us of whether or not

claimant met the requirements of section 28(c) of the act would not be required.

The decision of the circuit court is hereby affirmed. Costs to appellee.

Lesinski, C. J., and McGregor, J., concurred.

